IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| VENUS KENDRICK, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO.   1:21cv219LG-RPM |
| | * |
| WALMART INC. D/B/A WAL-MART | * |
| MARKET # 4586- BILOXI; WAL-MART | * |
| STORES EAST, LP D/B/A WAL-MART | * |
| MARKET #4586- BILOXI; AND JOHN | * |
| AND JANE DOES A; B; C; and D | * |
| | * |
| Defendants. | * |

**NOTICE OF REMOVAL**

TO:   THE UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF MISSISSIPPI
      SOUTHERN DIVISION

Defendant, WAL-MART STORES EAST, LP, incorrectly identified as "WALMART INC." ("Walmart"), gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this cause is hereby removed from the County Court of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division. As grounds for this removal, Defendant shows as follows:

1. An action was commenced against Walmart in the Circuit Court of Harrison County, Mississippi, entitled "*Venus Kendrick, Plaintiff v. Walmart Inc. d/b/a Wal-Mart Market # 4586, Wal-Mart Stores East, L.P and John or Jane Does A-D*" Civil Action No. 24CO2:21-CV-00306. The State Court file attached hereto as "Exhibit A" was filed in this action.

2. According to the County Clerk's office for the County Court of Harrison County, Mississippi, service of the initial pleading setting forth Plaintiff's claim for relief was affected upon Wal-Mart on May 24, 2021 which was Walmart's first actual notice of this action.

3. This notice of removal is filed in the United States District Court for the Southern District of Mississippi, Southern Division, within thirty days after the receipt by Walmart of the initial pleading setting forth the claim for relief upon which such action or proceeding is based in accordance with 28 U.S.C. § 1446 (b). The County Court of Harrison County, Mississippi, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. §§ 1441 (a) and (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the State of Mississippi. In her Complaint, Plaintiff states that she is a resident of Mississippi. (Complaint, ¶ 1).

6. Walmart Inc. (formerly known as "Wal-Mart Stores, Inc.") is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a publicly traded company incorporated under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a limited partnership whose sole limited partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Investment, LLC and whose sole general partner is now and was at all times material hereto, including at the time of the commencement of

this action and this Notice of Removal, WSE Management, LLC. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas.  WSE Investment, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores East, LLC (i.e. the only member of WSE Investment, LLC is Wal-Mart Stores East, LLC), and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Management, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, likewise a wholly-owned subsidiary of Wal-Mart Stores East, LLC, (i.e. the only member of WSE Management, LLC is Wal-Mart Stores East, LLC) and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LLC, is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores, Inc., (i.e. the only member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc.) organized under the laws of the State of Arkansas, maintaining its principal place of business in Bentonville, Arkansas.

7. Plaintiff's Complaint seeks compensatory and punitive damages, and alleges that "Wal-mart's… acts and omissions were the result of gross negligence and/or represent reckless disregard for the safety of members of the public, including their business invitees and the Plaintiff, such that Plaintiff further demands punitive damages in an amount to be determined by the jury sufficient to punish the Defendants and similarly situated entities and to make an example so that similar misconduct will not be

repeated in the future". (Complaint, ¶s 31, 17, 18, 25, 28, 29, 30, and unnumbered paragraph following ¶ 32.) "[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Sun Life Assur. Co. v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007) (citing *Brasell v. Unumprovident Corp.*, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001) (citing *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Marcel v. Pool Co.*, 5 F.3d 81, 84-85(5th Cir. 1993); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 701 (S.D. Miss. 1988)). Diversity is complete, and the amount in controversy exceeds $75,000.00, exclusive of costs and interests.

8. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

9. Pursuant to 28 U.S.C. §1446 (d), a true and correct copy of this Notice of Removal is filed with the Clerk of the County Court of Harrison County, Mississippi, and a written notice of this removal has been served on all adverse parties as required by law.

10. If any questions arise as to the propriety of the removal of this action, Wal-Mart requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

Respectfully submitted this June 23, 2021.

/s/ *W. Pemble DeLashmet*
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
mmd@delmar-law.com
Attorneys for Defendants Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652

Tax ID 20-5457973
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

CERTIFICATE OF SERVICE

     I hereby certify that I have on this 23rd day of June, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Christopher Van Cleave
Corban, Gunn, & Van Cleave
P.O. Drawer 1916
Biloxi, MS 39533-1916

                                           *W. Pemble DeLashmet*
                                           OF COUNSEL