## IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

VENUS KENDRICK                                                                           PLAINTIFF

VERSUS                                                         CAUSE NO.: D2402-21-306

WALMART INC. d/b/a
WALMART MARKET #4586 – BILOXI;
WAL-MART STORES EAST, LP d/b/a
WALMART MARKET #4586 – BILOXI;
And JOHN AND JANE DOES A; B; C; and D
DEFENDANTS



FILED MAY 17 2021
CONNIE LADNER CIRCUIT CLERK
BY: _____ D.C.

### COMPLAINT
### (JURY TRIAL REQUESTED)

Plaintiff, through counsel, files her Complaint against Defendants, Walmart Inc., d/b/a Walmart Market #4586 – Biloxi, Wal-Mart Stores East, LP, d/b/a Walmart Market #4586 – Biloxi, and John and Jane Does A-D, as follows:

1. Plaintiff, Venus Kendrick, is an adult resident citizen of Harrison County, Biloxi, Mississippi.

2. The Defendant, Walmart Inc. ("Walmart" or "Defendant") is a foreign corporation which is licensed to do and doing business in the State of Mississippi, which committed a tort in the State of Mississippi, and which may be served with process on its registered agent for service of process, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232 in the time and manner prescribed by law. On information and belief, at all times material to this Complaint Walmart was doing business as, and/or was directly participating in, controlling and/or directing the acts and omissions of Walmart Market #4586 – Biloxi, which has its principal place of business located at 1820-A Popps Ferry Road, Biloxi, MS 39532, in the Second Judicial District of Harrison County.

3. The Defendant, Wal-Mart Stores East, LP, d/b/a Walmart Market #4586 - Biloxi ("Wal-Mart East" or "Defendant") is a foreign limited partnership doing business in the State of

Mississippi, which committed a tort in the State of Mississippi, and which may be served with process by service upon its registered agent for service of process, C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232 in the time and manner prescribed by law. On information and belief, at all times material to this Complaint Wal-Mart East was doing business as, and/or was directly participating in, controlling and/or directing the acts and omissions of Walmart Market #4586 - Biloxi, which has its principal place of business at 1820-A Popps Ferry Road, Biloxi, MS 39532, in the Second Judicial District of Harrison County.

4. Defendant, John and Jane Does A, B, C, and D, are individuals, corporations, or other entities, including but not limited to employees, representatives, parent corporations, subsidiaries, assigns and/or successors of Wal-Mart East and/or Walmart, who caused or contributed to the injuries and damages of the Plaintiff addressed herein, but whose identities and liability are at present unknown to the Plaintiff. Plaintiff will amend her Complaint at a future date to properly identify John and Jane Doe Defendants, if any, once their true identity(s) are learned, and their liability ascertained.

5. Going forward in this Complaint, Walmart Market #4586 – Biloxi will be referred to as "the subject store".

## JURISDICTION AND VENUE

6. Jurisdiction is properly vested in this Court as the claims and damages asserted by the Plaintiff are civil in nature and within the jurisdictional limit of the Court. Venue is proper in this Court because all or substantially all of the alleged acts or omissions complained of occurred in the Second Judicial District of Harrison County, Mississippi.

## FACTS AND CAUSES OF ACTION

7. Plaintiff incorporates the above paragraphs as if fully copied herein.

8. Upon information and belief, at all times relevant to this matter, Defendants, Walmart, Wal-Mart East, and John and Jane Doe A-D had (1) authority and responsibility over the subject store to maintain the safety and well-being of its business invitees, including the area in and around the checkout lines, and to ensure that Defendants' employees and/or representatives did not create dangerous conditions that may endanger the safety of their business invitees; (2) the right to control the subject store with regard to preventing dangerous conditions and/or warning business invitees about and/or keeping business invitees same from dangerous conditions that were known or which should have been known Defendants; (3) the right to prescribe and furnish the details of the kind and character of the work to be done at the subject store regarding preventing dangerous conditions and/or warning business invitees about and/or keeping business invitees same from dangerous conditions that were known or which should have been known to Defendants; (4) the right to supervise and inspect the work regarding preventing dangerous conditions at the subject store, and/or warning business invitees about and/or keeping business invitees same from dangerous conditions that were known or which should have been known to Defendants; (5) the right to direct the details of the manner in which the work was to be done regarding preventing dangerous conditions at the subject store, and/or warning business invitees about and/or keeping business invitees same from dangerous conditions that were known or which should have been known to Defendants; (6) had control of the purse strings and decided whether, and in what amount, safety measures would be taken and/or what products, materials and warnings would be used at the subject store; and (7) other non-enumerated rights controlling the business of Villa Trace.

9. Further upon information and belief, at all relevant times, Defendant Walmart was co-principal of Defendant Wal-Mart East; and/or said Defendants were in an agency relationship with one another regarding the operations of the business of the subject store, and each directly participated in the torts against the Plaintiff, such that Defendants, and each of them, are

individually and jointly and severally liable for any and all damages and injuries of the Plaintiff described herein. Further to the extent discovery shows that the finances of the named Defendants are so interwoven and/or intermingled that one cannot determine the individual net worth of any named entity, required under the Mississippi's punitive damages statute, without considering the net worth of each of the others, their net worth should be considered jointly.

10. From this point forward, Walmart and Wal-Mart East will be jointly referred to as "Defendants" unless otherwise stated.

11. On or about October 22, 2020, and at all times material hereto, Plaintiff was lawfully and properly on the premises of the subject store as a business invitee of the Defendants.

12. While present on Defendants' premises on or about October 22, 2020, exercising due care for her own safety, Plaintiff was severely injured when she came up to the register to check out, and reached up to use the hand sanitizer Defendants had positioned near the register for the use of Defendants' invitees, when suddenly and without warning the hand sanitizer squirted down and sideways into her eye, causing a chemical burn and severe pain and discomfort.

13. The location of the hand sanitizer at the time of the incident was in the vicinity of the coolers at the end of the register where groceries are put on conveyor belt. The gallon size bottle of hand sanitizer with a hand pump had been placed by Defendants' representatives and/or employees on top of a cooler, so that the dispenser was above the Plaintiff's eye level when she reached up to use it. It was clearly placed there with an open invitation for invitees, such as the Plaintiff, to use it as they approached the register.

14. After the incident, Plaintiff went to the emergency room with a chemical burn. Thereafter, Plaintiff had to seek additional medical treatment for injuries to her eye, and was forced to miss a week of work.

15. At the time of Plaintiff's injury, there were no warnings to business invitees such as the Plaintiff of the dangerous condition caused by the presence and/or location of the unmaintained container of hand sanitizer, and there were no safeguards in place to protect business invitees from the foreseeable injuries which would occur.

16. Hand sanitizer containers such as the one placed in a dangerous position by Defendants require regular service to ensure that the dispenser end does not become clogged, which can result in hand sanitizer shooting out at unexpected angles when the hand pump is actuated. On information and belief, prior to Plaintiff's injury Defendants had a contract with Anderson Merchandising to regularly service and maintain gallons of hand sanitizer, including the one that injured the Plaintiff. In fact, Anderson Merchandising had served the sanitizer dispensers at the subject store on October 16, 2020. However, Anderson's contract with Defendants was terminated the following day, on October 17, 2020. On information and belief, Defendants did not maintain the dispensers, including the subject dispenser, in an appropriate manner following the termination of Anderson's contract – which failure, together with the improper placement of the container above eye level by Defendants, directly caused Plaintiff's injuries, all of which were foreseeable to Defendants.

17. The above described acts and omissions of Defendants, by and through their employees and representatives for whom Defendants are vicariously liable, were undertaken in reckless disregard for members of the public, including Defendants' business invitees and the Plaintiff.

18. As a direct and proximate result of Defendants' negligence, gross negligence, and/or reckless disregard by failing to properly maintain the sanitizer dispenser and by placing it above eye level for the use of their business invitees, Plaintiff suffered severe injuries to her eyes as described in this Complaint.

## NEGLIGENCE / GROSS NEGLIGENCE / RECKLESS DISREGARD

19. By reference, each of the preceding paragraphs are adopted and incorporated herein

20. Defendants knew, or by exercise of reasonable care should have known, that their invitees, such as the Plaintiff, were invited to use and would use the hand sanitizer Defendants placed near the registers for that purpose.

21. Defendants further knew, or by exercise of reasonable care should have known, that the gallon sized hand sanitizer dispensers required regular maintenance to prevent clogging, and resulting dangerous overspray's of sanitizer.

22. Defendants further knew, or by exercise of reasonable care should have known, that hand sanitizer dispensers, like any caustic chemicals, should never be placed / stored above eye level.

23. Defendants created the dangerous condition that caused the Plaintiff's injuries; and/or knew, or by the exercise of reasonable care should have known, that the unmaintained sanitizer dispenser placed above the eye level of many of Defendants' business invitees created a dangerous condition likely to cause serious harm (including eye injuries) to Defendants' business invitees, but failed to take appropriate actions to remedy the dangerous condition and/or warn its business invitees, including the Plaintiff, of its existence.

24. Defendants, and each of them, had a duty to use ordinary and reasonable care and diligence to:

    a. Protect their business invitees, including the Plaintiff, from dangerous conditions which may foreseeably cause injury, including dangerous conditions created by the Defendants and those dangerous conditions Defendants knew or reasonably should have known about;

    b. Design, construct, install, inspect, and maintain their premises, including the area around the check out lines, to prevent dangerous conditions such as the conditions that caused the Plaintiff's injuries; to be free from all defects and conditions which would render them dangerous and unsafe for their invitees, such as the Plaintiff, and/or which would present an

unreasonable risk of harm to its invitees, including the Plaintiff, in their lawful and expected use of the premises.

    c. Provide safe premises for their business invites, and to protect said invitees from foreseeable injuries such as those suffered by the Plaintiff;

    d. Maintain their premises in a reasonably safe condition for use in a manner consistent with the purpose of Defendants' invitation to its business invitees, including the Plaintiff;

    e. Timely inspect their premises to discover the existence of any dangerous conditions that may foreseeably cause risk of injury to business invitees such as the Plaintiff, such as the conditions that that caused the Plaintiff's injuries;

    f. Remedy dangerous conditions, such as the conditions which caused the Plaintiff's injuries, of which Defendants had knowledge and/or should have had knowledge through the exercise of reasonable care, and/or warn their business invitees, such as the Plaintiff, of the existence of such dangerous conditions;

    g. Provide and adequately train sufficient personnel, and to provide sufficient equipment to properly maintain and inspect their premises, including the subject hand sanitizer; and to be able to remedy dangerous conditions, such as the conditions which caused the Plaintiff's injuries, and/or warn business invitees such as the Plaintiff of their existence; and

    h. Perform other duties to be shown at the trial of this matter.

25. Defendants negligently and/or grossly negligently, and/or with reckless disregard for the safety of their business invitees, including the Plaintiff, breached each of the duties outlined above; and said breaches directly and proximately caused the harms, injuries and damages for which compensation is sought in this Complaint.

26. At all times herein mentioned, Defendants Walmart and Wal-Mart East (and possibly John and Jane Doe Defendants A-E) are vicariously liable for the negligent, careless, reckless, and/or grossly negligent acts and/or omissions of their employees, representatives, and agents.

## DAMAGES

27. By reference, each of the preceding paragraphs are adopted and incorporated herein.

28. But for Defendants' acts of negligence, gross negligence, recklessness, and other causes of action described in each of the preceding paragraphs, Plaintiff would not have suffered the injuries and damages described in this Complaint. The negligent, grossly negligent, and conduct of Defendants, discussed above, was the proximate and/or contributing cause of the injuries and damages suffered by the Plaintiff.

29. As a direct and proximate result of the negligence, gross negligence, reckless disregard and other conduct of Defendants (and possibly John and Jane Doe Defendants A-E) as set forth above, the Plaintiff, Venus Kendrick, sustained and suffered numerous harms, injuries and damages for which she should be compensated by the Defendants, including but not limited to:

   a. Severe physical injuries to her eyes, including temporary blindness;

   b. Pain related insomnia and related general degeneration in health and well-being;

   c. Medical treatment and therapy;

   d. Past and future physical pain, nervous shock, emotional distress, and mental anguish arising from the subject injuries;

   e. Past and if necessary future medical care, including but not limited to hospital care, doctor's care, therapy and treatment, rehabilitation, and prescription and over the counter medication, and related expenses;

   f. Incidental hardship and obligations;

   g. Loss of enjoyment of life;

  h. Lost Wages;

  i. Inconvenience; and

  j. Other harms and injuries to be shown at trial.

30. As a direct and proximate result of Walmart's, Wal-Mart East's, and John and Jane Does' negligence, carelessness, recklessness, and/or gross negligence, as set forth in each of the preceding paragraphs, Plaintiff is entitled to and demands from Defendant(s), jointly and severally, the following damages:

  a. Any and all damages set forth in the preceding paragraphs;

  b. Actual economic Damages;

  c. All compensatory, non-economic damages recoverable under law;

  d. Incidental expenses incurred as a result of Plaintiff having to go to medical appointments and/or be hospitalized and as a result of Plaintiff having to make accommodations for her injuries and resulting temporary disability;

  e. Pre-judgment interest in an amount allowed by law, but not less than 8%;

  f. Post judgment interest in an amount allowed by law, but not less than 8%; and

  g. Any and all additional damages to be shown at trial and/or deemed appropriate by this Honorable Court.

31. Walmart's, Wal-Mart East's, and John and Jane Does' acts and omissions were the result of gross negligence and/or represent reckless disregard for the safety of members of the public, including their business invitees and the Plaintiff, such that Plaintiff further demands punitive damages in an amount, to be determined by the Jury, sufficient to punish the Defendants and similarly situated entities and to make an example so that similar conduct will not be repeated in the future.

32. Plaintiff seeks reasonable attorneys' fees and expenses, in an amount to be determined by the Court, over and above any such compensation awarded during the initial phase of trial, in the event punitive damages are assessed.

Plaintiff, Venus Kendrick, requests this Complaint be filed, and that upon trial by Jury judgment be entered against the Defendants, and each of them, jointly and severally, for any and all economic, non-economic, and/or punitive damages to which Plaintiff is entitled. Plaintiff further prays that she be rewarded pre-judgment interest and post-judgment interest in the amount of 8% per annum, and/or such other amount as is determined by this Court; fees and costs, including attorneys' fees; and such other general relief to which she may be entitled.

Respectfully submitted, this the 17th day of May, 2021.

VENUS KENDRICK, PLAINTIFF

By: _____

CHRISTOPHER C. VAN CLEAVE  (MSB 10796)

Christopher C. Van Cleave, (MSB #10796)
VAN CLEAVE LAW, P.A.
146 Porter Avenue
Biloxi, Mississippi 39530
Telephone: (228) 432-7826
Facsimile: (228) 456-0998
Christopher@vancleavelaw.com

IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
~~FIRST~~ 2nd JUDICIAL DISTRICT, CITY OF Biloxi

Docket No. 2021 - 306 24 2CO     Docket No. If Filed
         File Yr   Chronological No.   Clerk's Local ID     Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages
IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

Individual: _____ _____ ( _____ ) _____ _____
              Last Name    First Name   Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

✓ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A Walmart Market # 4586

**Business** Walmart Stores East, LP
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #3:**

Individual: _____ _____ ( _____ ) _____ _____
              Last Name    First Name   Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** U-Haul International, Inc.
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #4:**

Individual: _____ _____ ( _____ ) _____ _____
              Last Name    First Name   Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

✓ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** U-Haul Business Consultants, Inc.
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

| COVER SHEET<br>Civil Case Filing Form<br>(To be completed by Attorney/Party<br>Prior to Filing of Pleading) | Court Identification Docket #<br>`2 4` `2` `C O`<br>County # Judicial Court ID<br>District (CH, CI, CO) | Case Year<br>`2 0 2 1` | Docket Number<br>`3 0 6`<br>Local Docket ID |
|---|---|---|---|
| Mississippi Supreme Court Form AOC/01<br>Administrative Office of Courts (Rev 2016) | `0 5` `1 7` `2 1`<br>Month Date Year<br>This area to be completed by clerk | | Case Number if filed prior to 1/1/94 |

In the COUNTY  Court of HARRISON  County — FIRST  Judicial District

**Origin of Suit** (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Remanded
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff** - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual Kendrick                Venus
         Last Name                First Name              Maiden Name, if applicable     M.I.   Jr/Sr/III/IV

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency

**Business**
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

Address of Plaintiff  McDonnell Avenue, Biloxi, MS 39531

Attorney (Name & Address) Christopher Van Cleave, 46 Porter Avenue, Biloxi, MS 39530    MS Bar No. 10796
___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing:

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form

Individual
         Last Name                First Name              Maiden Name, if applicable     M.I.   Jr/Sr/III/IV

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

_X_ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency  Walmart Market # 4586

**Business** Walmart Inc.
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

Attorney (Name & Address) - If Known                MS Bar No.

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit** (Place an "X" in one box only)

| Domestic Relations | Business/Commercial | Children/Minors—Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion Minor Removal of Minority | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Other | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | **Civil Rights** | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | [ ] Elections | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Expungement | [ ] Partition |
| [ ] Modification | [ ] Other | [ ] Habeas Corpus | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Post Conviction Relief/Prisoner | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Other | [ ] Other |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | **Contract** | **Torts** |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | [ ] Breach of Contract | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Installment Contract | [ ] Fraud |
| [ ] Other | [ ] Guardianship | [ ] Insurance | [ ] Intentional Tort |
| **Appeals** | [ ] Heirship | [ ] Specific Performance | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Other | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Minor's Settlement | **Statutes/Rules** | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | [ ] Bond Validation | [ ] Mass Tort |
| [ ] Justice Court | [ ] Name Change | [ ] Civil Forfeiture | [ ] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Declaratory Judgment | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Will Contest | [ ] Injunction or Restraining Order | [X] Premises Liability |
| [ ] Other | [ ] Alcohol/Drug Commitment (Involuntary) | [ ] Other | [ ] Product Liability |
| | | | [ ] Subrogation |
| | | | [ ] Wrongful Death |
| | | | [ ] Other |

[ ] Alcohol/Drug Commitment (Voluntary)
[ ] Other

IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

VENUS KENDRICK                                                                          PLAINTIFF

VERSUS                                                          CAUSE NO.: D2402-21-306

WALMART INC. d/b/a
WALMART MARKET #4586 – BILOXI;
WAL-MART STORES EAST, LP d/b/a
WALMART MARKET #4586 – BILOXI;
And JOHN AND JANE DOES A; B; C; and D                                    DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   **Walmart Inc.**
      **Registered Agent: CT Corporation System**
      **645 Lakeland East Drive, Suite 101**
      **Flowood, MS 39232**

### NOTICE TO DEFENDANT(S)

### THE COMPLAINT AND DISCOVERY WHICH ARE ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint and discovery to **Christopher C. Van Cleave, Esquire**, the attorney for the Plaintiff(s), whose post office address is **P.O. Box 1916, Biloxi, MS 39533-1916, and whose street address is 146 Porter Avenue, Biloxi, Mississippi 39530.** Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint. Your response to the discovery must be mailed within forty-five (45) days from the date of delivery attached with the Summons and Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 17th day of May, 2021.

CONNIE LADNER, CLERK
HARRISON COUNTY CIRCUIT COURT

By: _____ D. C.

Case 24CO2:21-cv-00306    Document #: 2    Filed: 05/17/2021    Page 1 of 2

## PROOF OF SERVICE – SUMMONS

_____
Name of Person or Entity Served

     I, the undersigned process server, served the summons, complaint and discovery upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

___**FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addresses to the sender. (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

___**PERSONAL SERVICE.** I personally delivered copies to _____, on the ___ day of _____, 2021, where I found said person in _____, County of the State of _____.

___**RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons, complaint and discovery on the ___ day of _____, 2021, at the usual place of abode of said person by leaving a true copy of the summons, complaint and discovery with _____, who is the _____ (here insert wife, husband, son daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons, complaint and discovery thereafter on the ___ day of _____, 2021, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

___**CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the returned envelope marked "Refused".)

At the time of service, I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below: (Please print or type)

Name: _____

Address: _____

Telephone No: _____

State of Mississippi
County of _____

     Personally appeared before me, the undersigned authority, in and for the State and county aforementioned, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service - Summons" are true and correct as therein stated.

                                                                          _____
                                                                                Process Server

SWORN TO AND SUBSCRIBED TO ME, this _____ day of _____, 2021.

                                                                                _____
                                                                                NOTARY PUBLIC

(SEAL) My Commission Expires: _____

IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

VENUS KENDRICK                                                                         PLAINTIFF

VERSUS                                                  CAUSE NO.: D2402-21-306

WALMART INC. d/b/a
WALMART MARKET #4586 – BILOXI;
WAL-MART STORES EAST, LP d/b/a
WALMART MARKET #4586 – BILOXI;
And JOHN AND JANE DOES A; B; C; and D                         DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI

TO:    **Walmart-Stores East, LP**
        **Registered Agent: CT Corporation System**
        **645 Lakeland East Drive, Suite 101**
        **Flowood, MS 39232**

**NOTICE TO DEFENDANT(S)**

**THE COMPLAINT AND DISCOVERY WHICH ARE ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint and discovery to **Christopher C. Van Cleave, Esquire,** the attorney for the Plaintiff(s), whose post office address is **P.O. Box 1916, Biloxi, MS 39533-1916, and whose street address is 146 Porter Avenue, Biloxi, Mississippi 39530.** Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint. Your response to the discovery must be mailed within forty-five (45) days from the date of delivery attached with the Summons and Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 17th day of May, 2021.

                                                      CONNIE LADNER, CLERK
                                                      HARRISON COUNTY CIRCUIT COURT
                                                      By: _____ D.C.

## PROOF OF SERVICE – SUMMONS

_____
Name of Person or Entity Served

    I, the undersigned process server, served the summons, complaint and discovery upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

    ___ **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addresses to the sender. (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

    ___ **PERSONAL SERVICE.** I personally delivered copies to _____, on the ___ day of _____, 2021, where I found said person in _____, County of the State of _____.

    ___ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons, complaint and discovery on the ___ day of _____, 2021, at the usual place of abode of said person by leaving a true copy of the summons, complaint and discovery with _____, who is the _____ (here insert wife, husband, son daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons, complaint and discovery thereafter on the ___ day of _____, 2021, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

    ___ **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the returned envelope marked "Refused".)

At the time of service, I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below: (Please print or type)

Name: _____

Address: _____

Telephone No: _____

State of Mississippi
County of _____

    Personally appeared before me, the undersigned authority, in and for the State and county aforementioned, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service - Summons" are true and correct as therein stated.

                                                    _____
                                                    Process Server

SWORN TO AND SUBSCRIBED TO ME, this _____ day of _____, 2021.

                                                    _____
                                                    NOTARY PUBLIC

(SEAL) My Commission Expires: _____

IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

VENUS KENDRICK                                                      PLAINTIFF

VERSUS                                             CAUSE NO.: D2402-21-306

WALMART INC. d/b/a
WALMART MARKET #4586 – BILOXI;
WAL-MART STORES EAST, LP d/b/a
WALMART MARKET #4586 – BILOXI;
And JOHN AND JANE DOES A; B; C; and D                      DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI

TO:      Walmart-Stores East, LP
          Registered Agent: CT Corporation System
          645 Lakeland East Drive, Suite 101
          Flowood, MS 39232

### NOTICE TO DEFENDANT(S)

### THE COMPLAINT AND DISCOVERY WHICH ARE ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint and discovery to **Christopher C. Van Cleave, Esquire**, the attorney for the Plaintiff(s), whose post office address is **P.O. Box 1916, Biloxi, MS 39533-1916, and whose street address is 146 Porter Avenue, Biloxi, Mississippi 39530.** Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint. Your response to the discovery must be mailed within forty-five (45) days from the date of delivery attached with the Summons and Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 17th day of May, 2021.

                                                           CONNIE LADNER, CLERK
                                                           HARRISON COUNTY CIRCUIT COURT

                                                           By: _____ D. C.

## PROOF OF SERVICE – SUMMONS

__WALMART STORES EAST LP__
Name of Person or Entity Served

I, the undersigned process server, served the summons, complaint and discovery upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

___ **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addresses to the sender. (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).   C.T. Corporation

_X_ **PERSONAL SERVICE.** I personally delivered copies to __Matt Thibodaux__ on the __24__ day of __May__, 2021, where I found said person in __Rankin__ County of the State of __MS__.

___ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons, complaint and discovery on the ___ day of _____, 2021, at the usual place of abode of said person by leaving a true copy of the summons, complaint and discovery with _____, who is the _____ (here insert wife, husband, son daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons, complaint and discovery thereafter on the ___ day of _____, 2021, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

___ **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the returned envelope marked "Refused".)

At the time of service, I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below: (Please print or type)

Name: __Gar D. Windham__
Address: __P.O. Box 97665 Pearl, MS 39288__
Telephone No: __601-613-2328__

State of Mississippi
County of __Rankin__

Personally appeared before me, the undersigned authority, in and for the State and county aforementioned, the within named __Gar D. Windham__ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service - Summons" are true and correct as therein stated.

_____
Process Server

SWORN TO AND SUBSCRIBED TO ME, this __25__ day of __May__, 2021.

_____
NOTARY PUBLIC

(SEAL) My Commission Expires: _____

*[Notary Seal: STATE OF MISSISSIPPI NOTARY PUBLIC — KIMBERLY M. JENKINS, ID No. 58222, Commission Expires Sept. 16, 2023]*

IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

VENUS KENDRICK                                                                               PLAINTIFF

VERSUS                                                       CAUSE NO.: D2402-21-306

WALMART INC. d/b/a
WALMART MARKET #4586 – BILOXI;
WAL-MART STORES EAST, LP d/b/a
WALMART MARKET #4586 – BILOXI;
And JOHN AND JANE DOES A; B; C; and D                      DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

TO:   Walmart Inc.
       Registered Agent: CT Corporation System
       645 Lakeland East Drive, Suite 101
       Flowood, MS 39232

**NOTICE TO DEFENDANT(S)**

**THE COMPLAINT AND DISCOVERY WHICH ARE ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

     You are required to mail or hand-deliver a copy of a written response to the Complaint and discovery to **Christopher C. Van Cleave, Esquire,** the attorney for the Plaintiff(s), whose post office address is **P.O. Box 1916, Biloxi, MS 39533-1916, and whose street address is 146 Porter Avenue, Biloxi, Mississippi 39530.** Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint. Your response to the discovery must be mailed within forty-five (45) days from the date of delivery attached with the Summons and Complaint.

     You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

     Issued under my hand and seal of said Court, this 17th day of May, 2021.

                                                                      CONNIE LADNER, CLERK
                                                                   HARRISON COUNTY CIRCUIT COURT

(Seal)                                                           By: _____ D. C.

## PROOF OF SERVICE – SUMMONS

__WALMART INC___
Name of Person or Entity Served

    I, the undersigned process server, served the summons, complaint and discovery upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

\_\_ **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addresses to the sender. (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).   _C.T. Corporation_

**X PERSONAL SERVICE.** I personally delivered copies to _Matt Thibodeaux_ on the _24_ day of _May_, 2021, where I found said person in _Rankin_, County of the State of _____.

\_\_ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons, complaint and discovery on the ___ day of _____, 2021, at the usual place of abode of said person by leaving a true copy of the summons, complaint and discovery with _____, who is the _____ (here insert wife, husband, son daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons, complaint and discovery thereafter on the ___ day of _____, 2021, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

\_\_ **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the returned envelope marked "Refused".)

At the time of service, I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below: (Please print or type)

Name: _Gar D Windham_
Address: _P.O. Box 97665 Penn, MS. 39288_
Telephone No: _601-613-2328_

State of Mississippi
County of _Rankin_

    Personally appeared before me, the undersigned authority, in and for the State and county aforementioned, the within named _Gar D. Windham_, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service - Summons" are true and correct as therein stated.

                                                                    Process Server

SWORN TO AND SUBSCRIBED TO ME, this _25_ day of _May_, 2021.

(SEAL) My Commission Expires: _____

                                                                      NOTARY PUBLIC

Notary Seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID # 158222, KIMBERLY M. JENKINS, Commission Expires Sept. 16, 2023, HINDS COUNTY